UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-81357-Matthewman

AMERICAN BUILDERS
INSURANCE COMPANY,

              Plaintiff
v.

SOUTHERN-OWNERS
INSURANCE COMPANY,

              Defendant.
_____/

FILED BY KJZ D.C.
Jul 15, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## OMNIBUS ORDER ON MOTIONS IN LIMINE [DE 68] AND [DE 72]

THIS CAUSE is before the Court upon Defendant, Southern-Owners Insurance Company, Motion in Limine for Trial (Based upon this Court's Ruling in its Order on Summary Judgment [DE 64]) ("Defendant's Motion"). [DE 68]. Plaintiff, American Builders Insurance Company, responded. [DE 93]. Defendant replied.[1] [DE 95].

This matter is also before the Court upon Plaintiff's First Motion in Limine ("Plaintiff's Motion"). [DE 72]. Defendant did not file a response to Plaintiff's Motion.

Both motions [DE 68; DE 72] are now ripe for review. Having carefully reviewed the parties' filings, the entire record, and the governing law, the Court **ORDERS** as follows.

A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Luce v. U.S.*, 469 U.S. 38, 41(1984). Motions in limine are

---

[1] Defendant's reply to docket entry 68 is titled "Southern-Owners Reply to Builder's Response to Southern-Owner's Motion in Limine for Trial." [DE 95]. However, the reply at docket entry 95 was incorrectly docketed as a reply to docket entry 72, which has caused the Court some confusion.

generally disfavored as admissibility questions should be ruled upon as they arise at trial. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). As a result, if evidence is not clearly inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice." *Lordeus v. Torres*, 1:17-CV-20726-UU, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018) (quoting *Kobie v. Fifthian*, 2014 WL 1652421 at *1 (M.D. Fla. 2014)). Motions in limine are "best limited to those issues that the mere mention of which would deprive a party of a fair trial. The Court does not issue advisory opinions, and it is difficult to rule in a vacuum without having the opportunity to see the proffered testimony in perspective with other evidence in the trial." *U.S. v. Everglades Coll., Inc.*, No. 12-60185-CIV, 2014 WL 11578214, at *1 (S.D. Fla. May 28, 2014); *Contreras v. Aventura Limousine & Transportation Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996, at *2 (S.D. Fla. July 29, 2014) ("It is always difficult to rule in a vacuum, so the Court's ruling is without prejudice to Defendants' objecting when the evidence is sought to be introduced."). With this case law in mind, each motion will now be addressed in turn.

1. **Defendant's Motion [DE 68]**

Defendant argues that Plaintiff must be precluded from mentioning any reference of (1) Defendant's duty to defend Beck Construction of Central Florida ("Beck Construction") or any breach of a duty to defend Beck Construction; and (2) Plaintiff's entitlement to equitable subrogation from Defendant for reasons unrelated to bad faith. [DE 68 ¶ 1-2]. Defendant's Motion points to rulings made in the Order on Cross-Motions for Summary Judgment issued by the Honorable United States District Judge Donald M. Middlebrooks. [DE 64].

Plaintiff responds that Defendant's Motion is "terribly overbroad and fail[s] to furnish any analysis why such evidence should be excluded." [DE 93 ¶ 1]. Plaintiff agrees that it will not seek to introduce evidence or argue that Defendant breached a duty to defend and will not attempt to

prove liability on a theory unrelated to bad faith. *Id.* ¶ 3. However, Plaintiff argues that the totality of the circumstances should be considered, and is relevant, for Plaintiff to establish the timeliness of Defendant's coverage investigation in order to prove Defendant acted in bad faith. *Id.* Plaintiff states that, "[f]or example, Plaintiff alleges that Defendant's protracted coverage investigation was pretextual in nature and even when Defendant belatedly agreed to furnish a conditional defense, it delayed further by not actually assuming the insured's defense." *Id.*

In reply, Defendant reiterates its position that the only issue pending before the Court is Plaintiff's claim that Defendant acted in bad faith in failing to settle the claims against Beck Construction. [DE 95 ¶ 4]. Therefore, any argument relating to Defendant's duty to defend or Plaintiff's entitlement to equitable subrogation would serve no purpose other than to infer that Defendant acted improperly by not retaining defense counsel for Beck Construction during pre-suit investigations. *Id.* ¶ 7.

The Court finds that evidence or argument by Plaintiff that Defendant breached a duty to defend, or any attempt by Plaintiff to prove liability on a theory unrelated to bad faith, are not relevant to this case and may be violative of Federal Rule of Evidence 401, 402 or 403. Thus, no such evidence or argument shall be permitted. The Court, in its prior Order, found that the "relevant inquiry is whether [Defendant] acted reasonably in evaluating and attempting to settle." *Id.* at 13 (citing *Cruz v. Am. United Ins. Co.*, 580 So. 2d 311, 312 (Fla. 3d DCA 1991)).

Notwithstanding this ruling, the jury will have to consider the totality of the circumstances in this case, and the jury should hear all of the relevant evidence related to Plaintiff's sole count of bad faith and determine whether Defendant acted reasonably in evaluating and attempting to settle. The Court cannot decide what evidence relating to the pending bad faith claim will be admissible in a vacuum outside the crucible of trial. Depending on how the case develops and is tried by the

parties, certain evidence may or may not be relevant and admissible. The Court will rule at trial on any specific objection raised by the parties in light of the developments at trial.

Accordingly, Defendant's Motion in Limine for Trial (Based upon this Court's Ruling in its Order on Summary Judgment [DE 64]) [DE 68] is **GRANTED IN PART and DENIED IN PART** as stated herein.

2. **Plaintiff's Motion [DE 72]**

Plaintiff argues that Defendant should be precluded from introducing any evidence or making any argument that Plaintiff acted with comparative bad faith because no such affirmative defense exists under Florida Law. [DE 72 at 1]. Plaintiff represents that it "has been informed that Defendant will attempt to introduce evidence of Plaintiff's alleged comparative bad faith." *Id.* Specifically, Plaintiff anticipates Defendant will attempt to introduce evidence "that: 1) Plaintiff did not timely tender the defense and indemnify obligation to Defendant after Plaintiff had knowledge of the claim; and 2) Plaintiff did not cooperate with Defendant's request for information regarding [Mr.] Guthrie's claim." *Id.* at 2.

Defendant did not file a response to Plaintiff's Motion.

The Court will grant Plaintiff's Motion in part, both on the merits and by default due to Defendant's failure to respond. First, Florida law does not recognize comparative bad faith as an affirmative defense. *See Royal Indemnity Co. v. Liberty Mutual Fire Ins. Co.*, 2008 WL 557963 (S.D. Fla. Feb. 28, 2008) ("In considering Florida law on the subject [of comparative bad faith and comparative negligence], which the parties agree is controlling, no Court has ever permitted these defenses. Courts in Florida and around the nation have rejected these defenses."); *see also Nationwide Prop. & Cas. Ins. Co. v. King*, 568 So. 2d 990 (Fla. 4th DCA 1990) ("Trial court did not err in striking Nationwide's comparative bad faith defense. We decline to create a new

affirmative defense of comparative bad faith."). Second, under Local Rule 7.1(c), a motion may be granted by default in the event the opposing party does not timely file a response. Such circumstances are present here. Accordingly, Defendant shall not be permitted to argue comparative bad faith or assert an affirmative defense of comparative bad faith at any point before the jury.

Notwithstanding this ruling, and as stated *supra*, the jury will have to consider the totality of the circumstances in this case and the jury should hear all of the relevant evidence related to Plaintiff's sole count of bad faith. For instance, evidence or testimony that Plaintiff did not cooperate with Defendant may be relevant to the jury's determination of Plaintiff's bad faith claim. The Court will rule on any specific objections raised during trial.

Accordingly, Plaintiff's First Motion in Limine [DE 72] **GRANTED IN PART and DENIED IN PART** as stated herein.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of July 2021.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge