UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-81357-Matthewman

AMERICAN BUILDERS
INSURANCE COMPANY,

               Plaintiff

   v.

SOUTHERN-OWNERS
INSURANCE COMPANY,

               Defendant.

_____/

FILED BY_____KJZ_____D.C.

Jul 16, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE AND TESTIMONY OF DEFENDANT'S COUNSEL, JESSICA GREGORY, AN UNDISCLOSED WITNESS [DE 75]

THIS CAUSE is before the Court upon Plaintiff, American Builders Insurance Company's Motion to Exclude Evidence and Testimony of Defendant's Counsel, Jessica Gregory, an Undisclosed Witness ("Motion"). [DE 75].  Defendant, Southern-Owners Insurance Company, responded [DE 91], and Plaintiff replied [DE 94].  The matter is now ripe for review. Having carefully reviewed the parties' filings, the entire record, and the governing law, the Court **ORDERS** as follows.

### MOTION, RESPONSE, REPLY

Plaintiff seeks to exclude defense counsel, Jessica Gregory, Esq.,[1] from testifying at trial because she was not properly disclosed as a witness and was not included on any witness list. [DE 75 ¶¶ 2-7; *see* DE 21; DE 23]. First, Plaintiff argues that attorney Gregory should have been

_____

[1] Attorney Gregory is an attorney with Williams, Leininger, & Cosby, P.A., who is defense counsel.  Defendant represents that she will not be one of the attorney's trying this case. [DE 91, FN 2].

disclosed as a witness because it is clear that her testimony is not solely for impeachment. *Id.* ¶¶ 15; 21; 23. Specifically, Plaintiff asserts that attorney Gregory is the only source of evidence as to what Defendant knew and when Defendant knew it regarding Plaintiff's intent to settle with Mr. Guthrie. *Id.* Plaintiff's position is that "[s]uch evidence goes right to the heart of [Defendant's] lack of consent affirmative defense, which is one of only two factual issues which remain for a jury's determination." *Id.* ¶ 23. Second, Plaintiff argues that Defendant has not provided any explanation why attorney Gregory was not disclosed earlier. *Id.* Third, Plaintiff argues it would be prejudiced if attorney Gregory was permitted to testify because the jury trial in this case is swiftly approaching[2] and Plaintiff has not had an opportunity to depose attorney Gregory to explore what she knows other than what she stated in her affidavit attached to Defendant's March 11, 2021 filing in summary judgment. *Id.*; *see* DE 49-1. Finally, in the event attorney Gregory is permitted to testify, Plaintiff seeks leave to amend its Exhibit List to include Doug McIntosh, Esq.'s[3] contemporaneously handwritten notes memorializing the contents of his December 18, 2019 telephone conversation with attorney Gregory for the purpose of corroborating attorney McIntosh's testimony. *Id.* ¶ 23.

In response, Defendant argues that attorney Gregory should be permitted to appear as a rebuttal witness in this case. [DE 91]. First, Defendant argues that, if attorney Gregory is called as a witness, it would solely be as a rebuttal witness for the purpose of impeaching the anticipated testimony by attorney McIntosh regarding attorney Gregory's alleged statement that Defendant would not tender its policy limits because they assessed a "strong liability" case for Beck Construction. [DE 91 ¶ 14; *see* ¶¶ 6-12]. As such, Defendant's position is that it was not required to list attorney Gregory as a witness on any disclosures or witness lists. *Id.* ¶ 15.

---

[2] Plaintiff's Motion points to June 1, 2021 as the earliest date for trial pursuant to the prior predecessor's setting during the June 1, 2021 two-week trial period [DE 60]. [DE 75 ¶ 23]. Following the parties' consent to magistrate judge jurisdiction, the trial was reset on the undersigned's calendar, which is presently specially set for August 2, 2021 with a calendar call set for July 22, 2021. [DE 90].

[3] Attorney McIntosh was counsel for Plaintiff prior to the filing of this lawsuit. *See* DE 75-1; DE 91.

Second, Defendant contends that, prior to filing this lawsuit, Plaintiff knew of attorney Gregory' involvement and her December 18, 2019 conversation with attorney McIntosh; therefore, Plaintiff will not be prejudiced by her testimony. *Id.* ¶¶ 16-20. Third, Defendant argues that even if attorney Gregory's testimony is used for more than impeachment purposes, the Court should permit her to testify because the failure to disclose attorney Gregory was substantially justified or harmless. *Id.* ¶ 6-8. Specifically, Defendant contends that it was unaware, until the summary judgment stage, that Plaintiff was alleging that attorney Gregory made a statement that Plaintiff would be attempting to use in support of its claims or defenses; therefore, Defendant did not know to list attorney Gregory on any disclosures or witness lists. *Id.* ¶ 8. Finally, Defendant argues that the Court should deny Plaintiff's request to amend its Exhibit List to include attorney McIntosh's handwritten notes because these notes were not previously disclosed in any initial disclosures pursuant to Rule 26, or listed on any trial exhibit list. *Id.* at 9.

In reply, Plaintiff reiterates its position that attorney Gregory's anticipated testimony is improper impeachment, and even if proper, her testimony is clearly not just for purposes of impeachment but for substantive purposes as well. [DE 94 ¶ 2]. Therefore, attorney Gregory's testimony should be excluded because she was not previously disclosed. *Id.* Plaintiff acknowledges that it knew about the December 18, 2019 telephone conversation, and points out that it properly disclosed attorney McIntosh as a result, but argues that its knowledge of the conversation does not excuse Defendant from timely and properly disclosing attorney Gregory as a witness. *Id.* ¶ 4. Moreover, Plaintiff contends that attorney Gregory is not the only source of proof regarding Defendant's reasons for not tendering on the policy because Defendant's Rule 30(b)(6) Corporate Representative can testify on this matter. *Id.* ¶ 13.

## LEGAL STANDARD AND ANALYSIS

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires parties to make initial disclosures to each other very early in the proceedings, and it requires that names and contact information of any individuals "likely to have discoverable information" that "the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1). The Rule also states the following about supplemental disclosures:

> A party who has made a disclosure under Rule 26(a) . . . -- must supplement, or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

Fed. R. Civ. P. 26(e).

However, Rule 26(a)(1)(A) exempts evidence used solely for impeachment from the initial-disclosure obligation, and Rule 26(a)(3)(A) makes the same exemption for pretrial disclosures. Fed. R. Civ. P. 26(a)(1)(A), (3)(A) ("In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment[.]"); *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) ("Rule 26(a)(3) exempts evidence used solely for impeachment because pretrial disclosure would significantly diminish its impeachment value.") (internal citation omitted).

Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or the witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The district court has broad discretion in deciding whether the failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *Penick v. Harbor Freight Tools, USA, Inc.,* 19-CV-23134, 2020 WL 5946473, at *2 (S.D. Fla. Oct. 7, 2020);

*Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at *1-2 (S.D. Fla. July 30, 2014).

With this governing law in mind, the Court finds that, if attorney McIntosh testifies as to the December 18, 2019 telephone conversation with attorney Gregory, attorney Gregory shall be permitted to testify as an impeachment witness as to her conversations and communications with attorney McIntosh. Fed. R. Civ. P. 26(a)(1)(A), (3)(A). Further, the Court will allow Plaintiff to amend its Exhibit List to include attorney McIntosh's handwritten notes of the December 18, 2019 telephone conversation with attorney Gregory. The Amended Exhibit List shall comply with Rule 26 (a)(3)(A)(iii) and shall be filed in the record. The Court finds this ruling to be fair to both sides and allows the jury to have the necessary information to determine credibility and fairly decide the case.

### CONCLUSION

In light of the foregoing, it is **ORDERED and ADJUDGED** that

1. Plaintiff's Motion to Exclude Evidence and Testimony of Defendant's Counsel, Jessica Gregory, an Undisclosed Witness [DE 75] is **GRANTED IN PART and DENIED IN PART** as stated herein.

2. **By or before 1:00 PM on Tuesday, July 20, 2021**, Plaintiff shall file its Amended Exhibit List to include attorney McIntosh's handwritten notes of the December 18, 2019 telephone conversation with attorney Gregory.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of July 2021.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge